# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

B VAN LE,

    Petitioner,

v.                                                                                          No. 26-cv-0704-WJ-KK

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
CURRENT SECRETARY, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents,[1]

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Untitled *Pro Se* Letters Seeking Advice or Relief

(Docs. 1, 3) (Letter-Filings).   Petitioner is an immigration detainee at the Otero County Processing

Center.   The Letter-Filings indicate he has lived in the United States for most of his life, and he

was taken into custody on June 13, 2025.   The Letter-Filings appear to seek assistance or advice,

including advice on whether Petitioner can remain in the country by filing a 28 U.S.C. § 2241

petition.   *See* Doc. 3 at 2.

This Court cannot determine whether a noncitizen is ultimately admissible in the United

---

[1] The Clerk's Office shall add/substitute the above-mentioned parties as Respondents in this case.   *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

States, nor can it review a removal order.   Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal.   *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018).   Under the zipper clause, District Courts lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar.   *Id.* at 317; *see also Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (the "statutory scheme was designed to limit all [noncitizens] to one bite of the apple with regard to challenging an order of removal").

Petitioner may challenge his immigration detention in this Court - as opposed to any ruling on removal - under § 2241.   Examples of common § 2241 challenges include the failure to provide an adequate bond hearing and the failure effectuate a final removal order within six months. Petitioner shall file a § 2241 petition on the official form within twenty-one (21) days of entry of this Order, if he seeks such relief.   By the same deadline, Petitioner must pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.   The § 2241 petition should include details about what process (bond hearings, removal hearings, etc.) Petitioner has received so far; whether/when the Immigration Court entered a removal order or denied bond; the reason for any denial of bond; and the status of any immigration appeals.   Petitioner may find it helpful to attach any orders or documents from the Immigration Court, but documentary evidence is not required at this stage. The failure to timely comply with this Order may result in dismissal of this case without prejudice to refiling at a later time.

**IT IS ORDERED** that within twenty-one (21) days of entry of this Order, Petitioner shall: (a) file a § 2241 petition on the proper form; and (b) pay the $5.00 filing fee or file a motion to

proceed *in forma pauperis*

**IT IS FURTHER ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order and **MAIL** Petitioner a blank 28 U.S.C. § 2241 form.

/s/_____
HON. WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE